IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1036-05






ADAM TROY GRIFFIN, Appellant


 

v.



THE STATE OF TEXAS







ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW 


FROM THE TENTH COURT OF APPEALS

FALLS COUNTY




 Hervey, J., delivered the opinion of the Court on rehearing in which Keller,
P.J., Meyers, Womack, Johnson, Keasler, Holcomb and Cochran, JJ., joined. Price,
J., not participating.

 


OPINION ON APPELLANT'S MOTION FOR REHEARING


 Appellant has filed a motion for rehearing claiming that our opinion on original submission
"is far too broad to satisfy Terry." He claims that this opinion is contrary to Fourth Amendment
principles discussed in Richards v. Wisconsin (1) by categorically labeling as possibly armed and
dangerous all those actively engaged in selling drugs in public places for whom no objective and
particularized showing of need to frisk (for weapons) is required under Terry. (2) Our opinion on
original submission should not be read as lessening the requirements of Terry. And, the original
analysis of whether the limited intrusion into appellant's personal security by Eskelin's pat-down
of his outer pocket did not end upon a determination that Eskelin had reasonable suspicion to believe
that appellant was dealing drugs in a public place. In considering whether Eskelin's pat-down of
appellant's pocket was objectively reasonable, our original opinion also considered that appellant
had been arrested for the same offense just two days before (3) and that he moved his hand toward his
pocket during the investigative detention. See Griffin, slip op. at 10. Our opinion on original
submission should not be characterized as holding that an objectively reasonable police officer may
base a determination that his safety is in danger solely upon the basis that "the suspect is a drug
dealer." (4)

 Appellant's motion for rehearing is denied.


 Hervey, J.


Delivered: February 14, 2007

Publish
1. 520 U.S. 385 (1997).
2. For example, appellant argues in his motion for rehearing that the "correct interpretation of
Terry is to require that officers base a determination that their safety is in danger upon more than the
suspect is a drug dealer."
3. Our opinion on original submission also mentioned that Eskelin knew that appellant had been
arrested "a day or two before." See Griffin v. State, S.W.3d , slip op. at 2 (Tex.Cr.App. No. PD-1036-05, delivered December 20, 2006). A reasonable police officer could believe that a suspect
facing his second arrest on another felony drug charge in two days might be more likely to engage
in violence to avoid this arrest.
4. We do note that Justice Harlan filed a separate concurring opinion in Terry suggesting that
the majority opinion in Terry actually supports the proposition that "the right to frisk must be
immediate and automatic if the reason for the stop is, as here, an articulable suspicion of a crime of
violence." See Terry, 392 U.S. at 33 (Harlan, J., concurring). Justice Harlan also wrote that "[t]here
is no reason why an officer, rightfully but forcibly confronting a person suspected of a serious crime,
should have to ask one question and take the risk that the answer might be a bullet." See id. In
another case handed down the same day as Terry, Justice Harlan filed a concurring opinion stating,
"First, although I think that, as in Terry, the right to frisk is automatic when an officer lawfully stops
a person suspected of a crime whose nature creates a substantial likelihood that he is armed, it is not
clear that suspected possession of narcotics falls into this category. If the nature of the suspected
offense creates no reasonable apprehension for the officer's safety, I would not permit him to frisk
unless other circumstances did so." See Sibron v. New York, 392 U.S. 40, 74 (1968) (Harlan, J.,
concurring).